6557

### CRAWFORD v. CRAWFORD.

DEED from husband to wife as agent of his sister set aside because: (1) deed was ineffectual as the conveyance of the sister under the power of attorney claimed by the brother; (2) there was no resulting trust in him, and (3) he was not in possession under an agreement to purchase but as agent of his sister.

Before KLUGH, J., Laurens, October, 1905.    Affirmed.

Action by D. M. Crawford against D. R. Crawford and E. B. Crawford.

The Circuit decree is:

"The plaintiff in her complaint alleges that she is the owner in fee of four tracts of land which are enumerated and described therein, containing in the aggregate 1,063 acres, that the defendant, D. R. Crawford, pretending to be the agent of plaintiff for such purposes, conveyed said lands by deeds executed March 28th, 1901, to his co-defendant, E. B. Crawford, who is his wife, for the alleged consideration of $4,000.00, and said deed was recorded January 17th, 1902; that D. R. Crawford was not her agent for the bargain and sale of said lands, that the said deed is a fraud upon her rights and a cloud upon her title to said lands; that she has received no part of said alleged consideration and did not know of said pretensive sale until December, 1902, and she prays that said deed be adjudged fraudulent and pretensive and delivered up to her and its record cancelled.

"The defendant's answer jointly denying the allegations of the complaint, except as admitted, modified and explained, and alleging that said lands were sold in May, 1897, by F. P. McGowan, Esq., as receiver, under an order of this Court in the case of *McGahan* v. *Crawford,* and were bid off and purchased for the defendant, D. R. Crawford. By an agreement then entered into between the plaintiff and said defendant, the deed of said land was made to the plaintiff, and a note secured by mortgage of said lands, and was in the name of plaintiff to M. S. Bailey & Sons for $3,755, to raise the money necessary for the purchase of said lands, with the distinct knowledge, understanding and agreement between the plaintiff and said defendant that this was the indebtedness of said D. R. Crawford, and that when the same was paid off by him, or the plaintiff released from liability therefor, the plaintiff would make title to said land to D. R. Crawford, and if it became necessary for him to sell said land or any part thereof to pay off said indebtedness he, being the regularly constituted agent of the plaintiff, was by her authorized and instructed to do so, and as her agent to make title thereto to the purchaser, and for such purpose and for the use and benefit of said defendant the deed to said land was made in the name of the plaintiff, and so taken and accepted by her; that under and pursuant to said agreement, immediately after the sale by the receiver, said defendant was put into possession of said lands as his own by the plaintiff and has ever since continued in the uninterrupted possession thereof, cultivating it and making improvements and paying taxes thereon and receiving the rents and making payments on the aforesaid note and mortgage of M. S. Bailey & Sons, with no claim thereto by plaintiff until recently; that under the authority given him by the plaintiff the said defendant, as her agent, on March 28th, 1901, made a deed to said lands to his codefendant, E. B. Crawford, his wife, upon the consideration that she was to pay off the said note and mortgage of M. S. Bailey & Sons, and in order to do this the defendant soon there-

after entered into a written contract with J. C. Boyd to sell to him two of said tracts of land, the purchase price whereof was to be applied to said Bailey note and mortgage, but the parties to said contract were prevented from carrying it out by the plaintiff, who now claims the land; that the defendants are now prepared to pay the note and mortgage of M. S. Bailey & Sons and to release the plaintiff from liability thereon, and offer to do so upon the ratification and confirmation of the aforesaid deed of D. R. Crawford to E. B. Crawford, or upon the execution of title to said lands by the plaintiff to D. R. Crawford; and they demand that the said deed by D. R. Crawford to E. B. Crawford be confirmed, ratified and adjudged to be the valid deed of plaintiff, or that the plaintiff be required by the Court to specifically perform her contract and to execute title to said lands to D. R. Crawford.

"It appears that for some years prior and down to about the year 1885, the defendant, D. Rhett Crawford, and his brother, Wm. R. Crawford, were engaged in mercantile business together and the business proving unsuccessful, they became insolvent. In January, 1885, they conveyed and transferred to their sister, Dolly M. Crawford, who is the plaintiff in this action, real and personal property of large value, including the lands that are involved in this suit, and which before such conveyance belonged to D. Rhett Crawford. The ostensible consideration for said conveyance was the indebtedness of said D. R. and W. R. Crawford to their said sister. About the year 1890, the suit of *McGahan* v. *Crawford,* referred to in defendants' answer, was commenced, the object of which was to set aside the said conveyances and transfers on the ground of fraud, and also that they were in violation of the assignment laws of this State, because they operated as a preference by the insolvents of one of their creditors over others. The first ground was not sustained, but upon the second ground the conveyance was set aside, a receiver was appointed, creditors were called in and eventually the lands were sold

by the receiver. In that litigation, it was averred by all parties, and determined by the Court, that Dolly M. Crawford was a *bona fide* creditor of D. R. and W. R. Crawford. The amount of her claims as ascertained and reported by a referee was $8,182.74. Other claims which had priority over hers, including costs, aggregated near $5,900.

"Prior to 1885, D. R. Crawford had managed certain lands of D. M. Crawford as her agent, and subsequent to the conveyance of his lands to her in January of that year, he seems to have remained in possession of the lands so conveyed either as her agent or for his own benefit. The judgment of the Circuit Court setting aside said conveyance, as above set forth, was rendered in 1895, and on appeal, was affirmed by the Supreme Court at the spring term, 1896, Thereafter, on October 8th, 1896, Dolly M. Crawford made a power of attorney under her hand and seal whereby she appointed D. R. Crawford 'a true and lawful attorney for me to sell and to convey and to make titles to any land that I now or may own hereafter.' The plaintiff denies her signature to said instrument, and considerable question has been raised as to its genuineness, but I think the evidence very clearly establishes that she made it.

"Subsequently the lands in question were sold by the receiver in May, 1897, and were bid off for Dolly M. Crawford by her attorney, Mr. Featherstone, for $6,850, and title was made to her accordingly. Out of the proceeds of this sale, together with certain other funds in the hands of the receiver from rents, etc., there had to be paid the costs and the claims bearing priority over that of D. M. Crawford, amounting as we have seen to about $5,900. In order to meet these payments, an arrangement was made with M. S. Bailey & Sons, by which they agreed to advance the sum of $3,755, in which was included their own claim amounting to $2,935, and having priority. This was consummated and Bailey & Sons took a mortgage of the lands from Dolly M. Crawford for the amount so advanced. Thus the

prior claims were paid and the balance of the proceeds of sale were applied to the claim of Dolly M. Crawford.

"In all these transactions pertaining to the receiver's sale and the arrangement with Bailey & Sons, D. R. Crawford took an active part and conducted the negotiation of the Bailey mortgage. Thereafter he took possession of the lands with instructions from D. M. Crawford to apply the yearly rents to the payment of Bailey & Sons' mortgage. No payments were made on said mortgage during the years 1897, 1898 and 1899; but on January 30, 1900, two payments, aggregating $600, were made thereon by D. R. Crawford, which it may be inferred were proceeds from the rents of the year 1899. No further payments were made on said mortgage by D. R. Crawford, and in the fall of the year 1901, his sister took matters in her own hands, collected rents for that year, and afterwards for the two succeeding years, and made payments on said mortgage—five hundred dollars for each of said three years. On October 28th, 1901, she wrote to D. R. Crawford: 'I thought it best to write you, under circumstances that I will not need you for agent any longer to attend to my business. I will attend to it myself hereafter. I have made arrangement with Mr. Boyd about the rent.'

"By a deed dated March 28th, 1901, which was proven by the subscribing witness on January 15, 1902, and recorded January 17, 1902, D. R. Crawford conveyed the lands in question in this case to E. B. Crawford. The deed recites, 'that I, D. R. Crawford, agent for D. M. Crawford, have granted, etc.' and signed 'D. R. Crawford, agent for D. M. Crawford.'

"It is this deed that is attacked by the plaintiff in the present action. I have but time to state my conclusions upon the issues made by the pleadings.

"It is clear that D. R. Crawford had authority under the power of attorney above recited to make a valid conveyance of said lands as agent for D. M. Crawford. It is equally clear, under the authorities cited in the argument

14—77

of counsel, that the deed made by him to E. B. Crawford was not effectual as the conveyance of D. M. Crawford. It follows that said deed, spread as it is upon the public records, is a cloud upon the title of the plaintiff, which she has the right to have removed. This ground is sufficient to invalidate the deed, and obviates the necessity to consider that transaction in any other light as ground for setting it aside.

"But D. R. Crawford claims relief upon two grounds that must be determined. The first is that a trust resulted in his favor upon the conveyance by McGowan, as receiver, to D. M. Crawford. It is requisite to the application of the doctrine of resulting trust that upon a conveyance of land to one party, the purchase money or some definite portion of it should be paid at the time of the conveyance, in some form of *payment,* by another in whose favor a trust results in the land by implication from the actual or presumed intention of the parties. The proof of the facts from which such implication arises must be clear and convincing. Here it is not claimed that D. R. Crawford paid the purchase money, or any part of it, at the time of the said conveyance. The consideration of that conveyance was $6,850. This was paid by the Bailey loan of $3,755, as we have seen, and by a credit of the balance on the claim of D. M. Crawford, as established in the suit of *McGahan v. Crawford,* to which both D. M. Crawford and D. R. Crawford were parties, and the existence and validity of which claim the latter is now estopped to deny. True, he was active in the negotiations by which the Baileys advanced the money to D. M. Crawford, and took her mortgage of the land, but the most that he claims for himself, in view of his part in that transaction, is that it was the common understanding that the debt so contracted with Messrs. Bailey was to be regarded as his debt, and that upon his paying it or relieving his sister of it, certain rights were to arise to him in reference to the land. Even if this were conceded, it could afford no ground for the implication of a trust in his favor. But the contrary is

shown to be true, and the Bailey mortgage shown to have been regarded as the debt of D. M. Crawford, both by the Baileys and herself, by the fact that they looked to her for payment, and that she took energetic and effective measures to have the rents applied to its payment when she found that D. R. Crawford was not carrying into effect her instructions to him in that regard.

"The remaining ground upon which the defendant claims relief is that of specific performance of the alleged agreement of D. M. Crawford to convey the lands to him upon his paying the Bailey mortgage, or procuring her release from liability thereon. It is not claimed that this agreement is in writing, but the defendant seeks to rescue it from the provisions of the statutes of frauds by showing his possession under it and improvements put upon the land by him. In order to establish his right to this relief, the defendant must show a clear, definite and unequivocal agreement, together with acts of performance or part performance by him which relate clearly and unequivocally to such agreement, exclusive of any other relation between the parties touching the said premises.

"Passing by the question of the existence of the alleged agreement, let us examine the character of his possession. In order that it should avail him in support of his claim to specific performance, his possession must refer unequivocally to the alleged agreement, that is, must be the possession of the purchaser under the contract to purchase. We have seen that D. R. Crawford, after the conveyance of these lands to his sister, in 1885, remained in possession as her agent down to the time when the receiver took possession. After the receiver's sale and conveyance to D. M. Crawford, he again took possession, armed, as we have seen, with a power of attorney from his sister. His possession must be referred either to the alleged contract of sale or to his agency for his sister. It cannot be attributed to both relations. If it was equivocal or uncertain in its character, then it cannot support his claim to specific per-

formance.   The act of his which above all other acts or declarations stamps the character of his possession and dealing with the property is the conveyance to his wife in the attempted exercise of the power of attorney as agent for his sister.   And by a striking coincidence, before this act of agency on his part is made known to her or published to the world by being spread upon the public records, his sister declares that she regarded his possession as that of agent and not of purchaser by her letter to him terminating his agency.   It seems to me that this is decisive of the question, so far as the fact and the character of his possession can determine it.

"He claims to have made improvements.   But the evidence shows that the rents for the years 1897, 1898 and 1899, which should otherwise have been applied to the Bailey mortgage, and which were not so applied, were more than equal to the value of all improvements made upon the premises.   It is a fair inference that the alleged improvements were paid out of these rents and not out of defendant's own funds; or if he did use his own funds or resources for that purpose, then he reimbursed himself for such expenditures out of the rents.

"But the only evidence that there was any such agreement as that claimed by the defendant is his own testimony, and this is at least balanced by the denial of the plaintiff.

"These claims of the defendant to relief must be and are denied.

"It is ordered, adjudged and decreed that the deed of D. R. Crawford, agent, to E. B. Crawford, referred to in the complaint, and now a part of the record in this case, be delivered up by the clerk of this Court to the plaintiff, and that the said clerk do, with proper reference to this decree, cancel the record of said deed in his office."

From this decree the defendants appeal on the following exceptions:

"I. Because the Circuit Judge erred in holding, as a matter of fact, that at the receiver's sale in May, 1897, the

lands in question were bid off for Dolly M. Crawford by her attorney, Mr. Featherstone, and titles made to her accordingly, the testimony showing that the lands were bid off in the name of Dolly M. Crawford upon the distinct agreement that she was to make the titles to D. R. Crawford as soon as he was prepared to pay off the note and mortgage given to M. S. Bailey & Sons on the land for the money advanced by them.

"II. Because he erred in holding as a matter of fact that D. M. Crawford, in the fall of the year 1901, took possession of the land and collected rents for that year and for the two succeeding years, the testimony showing that the land in question was then in dispute and that it was agreed and understood that these rents should be applied to the mortgage of M. S. Bailey & Sons until the rights of the parties to the land had been determined.

"III. Because he erred in holding that the deed by D. R. Crawford to E. B. Crawford was not effectual as the conveyance to D. M. Crawford, and that it is a cloud upon the title to the plaintiff, which she has the right to have removed.

"IV. Because he erred in holding that a trust did not result in favor of D. R. Crawford upon the conveyance by the receiver to D. M. Crawford of the land in question, and in holding that part of the consideration of that conveyance was paid by the credit on the claim of D. M. Crawford, the testimony showing that she made no real claim as a matter of fact to any part of the purchase price or to the lands involved, except the small tract which she had inherited from her father, and that she took titles in her name solely for the use and benefit of her brother upon his paying the indebtedness to M. S. Bailey & Sons.

"V. Because he erred in holding that D. R. Crawford is estopped to deny the existence and validity of the claim of D. M. Crawford, as established in the suit of McGahan against Crawford, when D. M. Crawford, by her own testimony, admits that D. R. Crawford owed her nothing.

"VI. Because he erred in holding that a trust did not result in favor of the defendant, D. R. Crawford, because he did not pay any part of the purchase price of the land in dispute in any form, when the evidence shows that the agreement was that Miss D. M. Crawford was to have the small tract of land she inherited from her father free from all trust, and that D. R. Crawford was to pay off the Bailey mortgage, which covered all the lands, and upon his doing so, was to have the lands in dispute, and that in pursuance of this agreement, D. M. Crawford entered immediately into exclusive possession of the tract inherited from her father, and D. R. Crawford entered immediately into exclusive possession of the other tracts.

"VII. Because he erred in holding that the Bailey mortgage was shown to have been regarded as the debt of D. M. Crawford, and in not holding that it was the debt of D. R. Crawford, and upon the payment of which D. M. Crawford was to execute titles to D. R. Crawford to the lands in question.

"VIII. Because he erred in not finding and holding that at the time of the sale of the land by the receiver, under a binding engagement between D. M. Crawford and D. R. Crawford, it was bid off for D. R. Crawford and titles thereto were taken in the name of D. M. Crawford, with the understanding and agreement that when he had paid, or was ready to pay the mortgage of M. S. Bailey & Sons that titles would be made to him by D. M. Crawford, and under this agreement D. R. Crawford being prepared and ready to pay the mortgage, could now enforce specific performance of this agreement.

"IX. The Circuit Judge erred in not decreeing specific performance in this case as set up by the defendants, the testimony showing by a great preponderance that the land in dispute was in fact the property of D. R. Crawford, and the titles to same were made to the plaintiff, D. M. Crawford, with the understanding that when she was released from liability on the note and mortgage executed by her to

M. S. Bailey & Sons, she was to convey the property to the said D. R. Crawford.

"X. Because he erred in holding that the only evidence that there was any such agreement as that claimed by the defendant is his own testimony, and that this is balanced by the denial of the plaintiff.

"XI. Because he erred in not holding that there was sufficient part performance of this agreement to take it from the provisions of the statutes of frauds by reason of the possession of the land by the defendant under the agreement, and the improvements put thereon by him.

"XII. Because he erred in holding that the possession of the land by the defendant, D. R. Crawford, was not under and by virtue of the agreement made at the time of the sale by the receiver, and was by reason of the power of attorney from his sister, D. M. Crawford.

"XIII. Because he erred in holding that the character of the possession of the defendant and his dealing with the property is determined entirely by the power of attorney from his sister, D. M. Crawford, and was as agent for his sister."

*Messrs. Simpson, Cooper & Rabb,* for appellants, cite: *The conveyance showing an intention to convey under the power should be enforced:* 59 S. C., 292; 26 S. C., 218; 2 Hill Ch., 168; 29 S. C., 72. ·

*Messrs. Ferguson & Featherstone,* contra, cite: *Agent may not deny title of his principal:* 1 Ency., 1091; Story on Ag., sec. 9; 2 Bail., 464; 68 Am. Dec., 398. *Deed may be set aside as a fraud against creditors, but hold good as between the parties:* 14 Ency., 273; 12 Rich. Eq., 108; 2 Hill L., 496; 68 S. C., 378. *How improvements must be made to take a case out of the statute of frauds:* 3 Pom. Eq. Jur., sec. 1409; 21 S. C., 480; 29 S. C., 72. *Resulting trust cannot spring from an agreement:* 19 S. C., 135; 17 Wall., 59. *Proof necessary to establish resulting trust:* 2 Pom.

Eq. Jur., sec. 1040; 32 S. C., 595; 6 S. C., 102; 19 S. C.,
135. *Deed to sister imperfectly executed:* 1 Rich., 504;
Sug. on Pow., 205; Story on Ag., secs. 148, 150; Martin-
dale, sec. 246; 1 Ency., 1038; 1 Bail., 519; 1 Hill, 155; 2 S.
C., 428; 19 S. C., 292; 27 S. C., 316. *Terms of sale are
violative of power conferred:* 1 Ency., 1003, 1005, 1009,
1010; Dev. on Deeds, sec. 370; Martindale, sec. 237; 51 S.
C., 366; 3 Pom. Eq. Jur., sec. 959; Perry on Trusts, secs.
194, 206; 3 Sandf. Ch., 60; 1 Johns. Ch., 394; 5 Paige,
656; 2 Johns. Ch., 252; 37 Mo., 560; 1 Story Eq., 322;
100 Am. Dec., 304; 5 Paige, 649; 36 N. J., 174; 22 N. Y.,
349; 11 Paige, 26; 1 Sandf. Ch., 569; Perry on Trusts, sec.
195. *Wife should not purchase:* 70 S. C., 240; 6 Ves., 625;
Pom. Eq. Jur., secs. 958, 959.

June 6, 1907.  The opinion of the Court was delivered
by

MR. JUSTICE JONES.  The decree of the Circuit Court
and the exceptions thereto are herewith reported.

After careful consideration, the judgment of this Court
is that the judgment of the Circuit Court be confirmed, for
the reasons therein stated.